IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICARDO AMARO SANTIAGO.

Defendant.

CASE NO. 10-333 (GAG)

**OPINION AND ORDER**

Defendant Ricardo Amaro Santiago ("Amaro"), was convicted on December 23, 2011 by a jury of this District of: 1) Conspiring to posses with intent to distribute cocaine, 2) Attempting to posses with intent to distribute cocaine and, 3) Possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(ii)(II), and 18 U.S.C. § 924 (c)(1)(A), respectively.  The court has yet to sentence Amaro, given the fact that several post conviction motions were until recently under consideration.

In an affidavit under penalty of perjury, received by the court on January 29, 2014 (Docket No. 1024),  Amaro, in a pro se manner, makes the following statements.  First, that he was charged of alleged offenses against the United States of America. Id. at ¶1.  Second, that the facts of this case occurred in Guaynabo, Puerto Rico. Id. at ¶2.  Third, that he did not commit any offense against the United States because Puerto Rico is not recognized as one of the fifty States of the Union. Id. ¶¶6 &8.  Fourth, he notes that he is a United States citizen. Id. at 4.

**Case No. 10-333 (GAG)**

The court construes Amaro's affidavit as a motion to dismiss the indictment and/or vacate the jury verdict, and/or requesting that judgment not be imposed for said reasons.[1] Accordingly, the court shall address the merits of the same.

Following a period of territorial government from 1898-1952, Puerto Rico became a United States Commonwealth, and has so remained up to the present. While this status vested Puerto Rico authority over its own local affairs, Congress retained similar powers over the Commonwealth as it possesses over the fifty states. United States v. Acosta Martinez, 252 F.3d 13, 18 (1st Cir. 2001), *cert. denied*, 122 S.Ct. 1207 (2002). Accordingly, Congress may constitutionally extend the application of federal criminal and civil statutes to Puerto Rico. E.g., id. at 19-20; see also United States v. Puerto Rico, 922 F. Supp. 2d. 185, 187 (D.P.R. 2013) ("There is no doubt in the court's mind that Congress intended for 42 U.S.C. § 14141 to apply to Puerto Rico, just as it applies to the States of the Union"). In light of this, Amaro's argument fails inasmuch as federal drug and weapon laws apply to Puerto Rico. Accordingly, his motion is **DENIED**.

Notwithstanding the preceding, the court sympathizes with Amaro's plight as a United States citizen. Congress granted United States citizenship to all persons born in Puerto Rico in 1917. 39 Stat. 951 (1917). Moreover, in 1952 Congress, in the Immigration and Nationality Act, defined the term "United States" to include "the continental United States, Alaska, Hawaiʻi, Puerto Rico, Guam and the Virgin Islands of the United States." 8 U.S.C. §§ 1101-1537. Even prior to World War I, Puerto Ricans have also proudly served in the Nation's military forces in all armed conflicts, Puerto Rico having one of the highest per capita enlistments of any United States jurisdiction.[2] A more than significant number of these servicemen have sacrificed their lives in the battlefield.

---

[1] The other arguments presented in the affidavit pertain to matters previously addressed and rejected by the court. See Orders at Docket Nos. 1023 & 994.

[2] See Consejo de Salud Playa de Ponce v. Rullan, 586 F.Supp. 22, 38-39 (D.P.R. 2008).

2

**Case No. 10-333 (GAG)**

Amaro, by virtue of his birth in the Commonwealth on September 1, 1972 has always been a United States citizen. Notwithstanding, Amaro, as well as more than 3.5 million other United States citizens residing in Puerto Rico, have historically lived under a system of federal laws in which the constitutional principle of *consent of the governed* is a fallacy. This is so because the People of Puerto Rico have never been able, as residents of the territory and then Commonwealth, to vote for our Nation's executive and congressional officers, who, in turn, enact and execute its laws.[3] Neither Amaro, nor his lineage have participated through elected representatives in the process of enacting the drug and weapon statutes under which he now stands convicted, contrary to the residents of the fifty states. The fact that Amaro is now a federal convict does not affect this predicament.

My esteemed colleague, Senior United States District Judge Salvador E. Casellas, has correctly noted that "[o]ver a half-century after the Commonwealth was established, the principle of the consent of the governed, in the case of Puerto Rican-Federal relations, has been substantially eroded, largely due to the widening sphere of federal authority." Salvador E. Casellas, *Commonwealth Status and the Federal Courts*, 80 Rev. Jur. 945, 962 (2011). Certainly the application of federal criminal and civil laws is essential and beneficial to the people of the States and Puerto Rico.

However, Amaro is facing a congressionally imposed mandatory term of imprisonment of a minimum of ten years up to life for the drug charges. As to the weapons charge, he faces a consecutive mandatory minimum term of five years. This yields a mandatory minimum sentence of fifteen years, as to which the undersigned will enjoy no discretion in issuing a more lenient sentence. In other cases, the court is faced with higher mandatory minimums of twenty or thirty years, and even life, as determined by Congress.

---

[3] See Igartua v. United States, 417 F.3d 145 (1st Cir. 2005) *cert. denied*, 547 U.S. 1035 (2006).; Igartua v. United States, 626 F.3d 592 (1st Cir. 2010) *cert. denied*, 132 S.Ct. 2376 (2012); Romeu v. Cohen, 265 F.3d 118 (2nd Cir. 2001).

**Case No. 10-333 (GAG)**

The future status of the Commonwealth is a question for the Congress and the People of Puerto Rico to decide, and not this court. However, I concur with Judge Casellas that the people of Puerto Rico and the political branches in our Nation's Capital should "urgently review the relationship in order to provide for greater participation and a more specific mechanism of consent by the People of Puerto Rico to the applicability of federal laws in the Commonwealth." Id. at 964. Until such time, the Federal District Court in Puerto Rico will continue to be part of a constitutionally valid, yet flawed system of American Government.

Accordingly, Amaro's motion at Docket No. 1024 is hereby **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 12th day of February, 2014.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge